**Victoria COZBY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42620.

Court of Criminal Appeals of Texas.

Feb. 25, 1970.

Rehearing Denied April 8, 1970.

W. C. Wiebusch, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Vic Driscoll, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is shoplifting, a misdemeanor.

Trial in County Court at Law No. 2 of Harris County, Texas, was before a jury on a plea of not guilty. The jury having found appellant guilty, the punishment was assessed by the court at five days in jail and a fine of $25.00.

Sentence was pronounced and notice of appeal given on May 26, 1969. Appellant is at large under the bail bond entered into prior to trial.

No transcription of the evidence was made a part of the record on appeal. There is no question of indigency.

Appellant's sole ground of error is:

"The trial Court erred in forcing Defendant to trial when the jury panel, from which Defendant was required to select a jury, was drawn, summoned, and empaneled and organized without lawful authority and contrary to the Statutes and Constitution of the State of Texas, and in not furnishing her with a lawfully organized list of jurors after demand for a jury trial."

The motion to quash the jury panel complained that the list of 650 prospective jurors was drawn by Hon. Fred M. Hooey, Judge of the 180th District Court of Harris County, to serve as petit jurors in the District Courts and County Courts at Law having a criminal docket during the week of April 14, 1969; and that the jury panel in County Court at Law No. 2, from which the jury was to be and was selected to try appellant was drawn from said list. Appellant contends that such jury panel was not legally constituted in that Article 52,

Sec. 158c of the Code of Criminal Procedure[1] and Art. 2101 Vernon's Ann.Civ. St. *do not authorize interchangeable jury service* in the Criminal District Courts and County Courts at Law of Harris County.

Art. 2101 V.A.C.S., Section 2, provides for the drawing from the jury wheel of the number of jurors for each week "that are reasonably necessary for jury service in all the County Courts at Law, County Courts and District Courts."

Section 3 provides that the jurors so drawn when empaneled shall constitute a general panel for the week, for service as jurors "in all County and District Courts in said County, and shall be used interchangeably in all of said courts."

Section 4 of said Art. 2101, supra, provides that it shall be permissible, after having been approved by a majority of the Judges for the District Courts of said County to draw from the jury wheel two separate jury panels for the week, one of which panels for the week shall be drawn and be in attendance upon those criminal district courts and county courts having a criminal docket and the other of said jury panels for the week shall be drawn and be in attendance upon those courts which have a civil docket.

Art. 2103a V.A.C.S. provides for the drawing of additional jurors by the County Judge or County Court at Law Judge "when a panel of jurors shall not have been drawn for any week by one of the District Judges under Art. 2101, or when the number of jurors drawn shall be deemed insufficient * * *."

The list of jurors appears to have been drawn by Judge Hooey in accordance with Art. 2101, Sec. 4, V.A.C.S. The court did not err in overruling the motion to quash the jury panel.

The judgment is affirmed.

MORRISON, J., not participating.

---

[1]. The statute referred to as Art. 52–158c was enacted by the 59th Legislature (Acts 1965, p. 895, Ch. 442, Sec. 10c, effective September 1, 1965). It was not made a part of the 1965 Code of Criminal Procedure but was not repealed. Art. 54.02 V.A.C.C.P.